## Julius Rick, Plff. in Err., v. Charles H. Cramp et al.

An employee in a ship yard was ordered by his superior to do certain work on a tug boat in process of construction. To do the work it was necessary for him to stand upon a platform erected on the deck of the boat. In the deck under the platform there was a hole. The employee, stepping off the platform to get a tool, fell into the hole and was injured. In an action for damages brought by him against the owners of the yard, plaintiff testified that he knew of the existence of this hole several days before, when he had assisted in nailing it up; that he did not know that it had been reopened, and it was so dark he could not see it. It was proved that the hole was not the hatchway leading into the hold of the vessel, but an opening the object of which was unknown. There was no evidence that the hole had been reopened with the knowledge or assent of the defendants.

Held, that the evidence did not prove any negligence in the defendants; that the plaintiff was as much bound as anyone else to see that the hole had not been reopened, and that the plaintiff had been rightly nonsuited.

(Argued January 19, 1888. Decided February 6, 1888.)

July Term, 1887, No. 182, E. D., before Gordon, Ch. J., Paxson, Sterrett, Green, Clark, and Williams, JJ. Error to Common Pleas No. 3 of Philadelphia County to review a judgment of nonsuit in an action on the case. Affirmed.

This was an action brought by Julius Rick against Charles H., William M., Samuel H., Jacob C., Theodore, and Andrew Cramp, trading as William Cramp & Sons, to recover damages for injuries occasioned by the defendants' negligence.

The evidence adduced at the trial proved the following facts:

The plaintiff was employed by the defendants in 1884. On September 26, 1884, William Tate, defendants' foreman and superintendent, ordered him to do certain work in the front part of the tug boat between the first and second decks.

---

Note.—As to knowledge as an element of employer's liability to injured servant, see the review of authorities in editorial note to Walkowski v. Penokee & G. Consol. Mines, 41 L. R. A. 33.

When plaintiff arrived at the spot where he had been ordered to work he found that a platform had already been erected, and that someone had been working there before he came. The platform consisted of a plank resting on two boxes, and was so arranged that a man could reach the ceiling of the first deck where the anchor machine was to be attached.

Plaintiff got on the platform, and after having worked for some time, stepped down to get a tool, when, instead of stepping on solid ground as he expected to do, his left foot went into a hole and his right foot remained on the platform. The consequence was, that his body was swung around with great force and violence, and his testicles struck the platform upon which he had been standing, causing the injuries to recover damages for which this suit was brought.

The opening into which plaintiff fell was under the plank or platform.

Plaintiff and his witnesses testified that the hole into which plaintiff fell was not the hatchway leading into the hold of the vessel, but an opening the object of which was unknown to them.

Several days before the accident William Tate, who represented the defendants, ordered plaintiff and Mr. Wolfe to nail up the hole securely. Wolfe, Fitler, and plaintiff then nailed it up with large planks and nails, so that no one could fall into it. Tate ordered the hole to be closed up at that time, because plaintiff came near meeting with an accident there once before, and then notified Tate of its dangerous condition.

Plaintiff testified that when he fell into the hole he believed, and had every reason to believe, that it was in the same safe condition in which he had helped to put it, inasmuch as no one warned or notified him that it had been opened again, and there was nothing to indicate to him that he was working in a dangerous place. It was so dark there he could not see the hole.

It did not appear who had reopened this hole.

GORDON, J., granted a nonsuit, which the court in banc refused to take off.

The assignments of error specified the refusal to take off this nonsuit.

*Henry D. Wireman,* for plaintiff in error.—All of the evi-

dence in this case must be assumed to be true. Jones v. Bland, 116 Pa. 190, 9 Atl. 275.

Plaintiff testified that he did not know who opened the hole into which he fell. For this the defendants are liable unless they prove that they had nothing to do with opening it. Tate knew that the hole was open, and should have warned Rick. This can be reasonably inferred from the evidence, and it raised a presumption of negligence on Tate's part, and made out a prima facie case which should have gone to the jury. Philadelphia City Pass. R. Co. v. Hassard, 75 Pa. 367; Murphy v. Crossan, 98 Pa. 495; Schum v. Pennsylvania R. Co. 16 W. N. C. 306; Rummell v. Dilworth, P. & Co. 111 Pa. 343, 2 Atl. 363; Clarke v. Holmes, 7 Hurlst. & N. 937.

Rick was bound to obey Tate's order. It was therefore Tate's duty to see that Rick ran no risks through the negligence of his superiors. It was his duty to know those risks and communicate them to Rick. For his neglect the master is liable. Paterson v. Wallace, 1 Macq. H. L. Cas. 757; Patterson v. Pittsburg & C. R. Co. 76 Pa. 389, 18 Am. Rep. 412; Wharton, Neg. § 206; Huddleston v. Lowell Mach. Shop, 106 Mass. 282; Pennsylvania & N. J. Canal & R. Co. v. Leslie, 16 W. N. C. 321; Tissue v. Baltimore & O. R. Co. 112 Pa. 91, 56 Am. Rep. 310, 3 Atl. 667; Schall v. Cole, 107 Pa. 1; Lewis v. Seifert, 116 Pa. 628, 2 Am. St. Rep. 631, 11 Atl. 514.

*William C. Ferguson* and *David W. Sellers,* for defendants in error.—The accident was a risk of the plaintiff's employment. Schall v. Cole, 107 Pa. 1; Wannamaker v. Burke, 111 Pa. 423, 2 Atl. 500; Armour v. Hahn, 111 U. S. 313, 28 L. ed. 440, 4 Sup. Ct. Rep. 433.

PER CURIAM:

There was nothing in this case to submit to a jury. Care had been taken, but a few days before the accident, to close up the hole into which the plaintiff fell; and there is no evidence that it had been reopened, either with the knowledge or assent of the defendants. More than this, as the plaintiff had previous knowledge of the hole, and had helped to close it up, it was quite as much his business as that of anyone else, to see that it had remained as he had left it.

The judgment is affirmed.